UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | 2:25-CR-00107-DCLC-CRW |
|  | ) |  |
| EDUARDO GONZALEZ SILVA | ) |  |

**MEMORANDUM OPINION AND ORDER**

On November 3, 2025, Defendant Eduardo Gonzalez Silva moved the Court to reconsider its Order [Doc. 10] granting the Government's request for a stay and referring the Government's motion for review and revocation of the release order to United States Magistrate Judge Cynthia R. Wyrick (the "Motion for Reconsideration"). [Doc. 23]. The Government responded on November 5, 2025. [Doc. 29]. This matter is now ripe for resolution. For the following reasons, the Motion for Reconsideration [Doc. 23] is **DENIED**.

I.  **BACKGROUND**

On October 15, 2025, a grand jury returned an indictment charging Defendant in Count One, along with others, with a conspiracy to distribute "500 grams or more" of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). [Doc. 7]. Defendant was indicted in the Eastern District of Tennessee but arrested in the Middle District of Tennessee. On October 29, 2025, after a detention hearing, the magistrate judge ordered Defendant's release but the United States Attorney's office for the Middle District of Tennessee moved to stay the release order which the magistrate judge granted. *Id.* The release order was stayed until the next day, October 30, 2025 at 3:00 p.m. [Doc. 9-1, pg. 4]. The next morning, on October 30, 2025, the Government filed an emergency motion in this Court for a stay pending appeal and motion for review and

revocation of the release order. [Doc. 9]. This Court stayed the magistrate judge's release order [Doc. 9-1] prior to the 3:00 p.m. deadline pending resolution of the Government's appeal and maintained the status quo with Defendant remaining in the custody of the U.S. Marshals. [Doc. 10]. Pursuant to 28 U.S.C. § 636(b)(1)(A)–(C), the Government's motion for a review and revocation of the release order [Doc. 9] was referred to the magistrate judge for a Report and Recommendation ("R&R") for the Court's consideration. *Id.*

Defendant filed his Motion for Reconsideration objecting to the Court's stay of the release order and to the referral of the Government's motion for review and revocation of the release order to the magistrate judge. [Doc. 23]. Defendant argues that the stay was entered in violation of his Sixth Amendment rights and the Due Process clause and that the referral to the magistrate judge for a R&R invokes a procedure that 18 U.S.C. § 3145 does not contemplate. Defendant contends that § 3145(a)(1) confers authority only to the district court judge to review a magistrate judge's order of release and does not permit a district court judge to delegate its authority to the magistrate judge.

The Government responded contending that the stay was not entered in violation of due process nor Defendant's Sixth Amendment rights because the Court considered the factors necessary to grant the stay and the record reveals that Defendant was continually represented by counsel. [Doc. 29, pgs. 1–4]. The Government also argues that district court judges have the authority to refer a § 3145 motion to a magistrate judge for a R&R because the district judge conducts a de novo review of the R&R and neither § 3145 nor § 636 state otherwise. *Id.* at 4–8.

II. **LEGAL STANDARD**

Although the Federal Rules of Criminal Procedure make no provision for a motion to reconsider, courts typically evaluate motions to reconsider in criminal cases under the same

standards applicable to a civil motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). *See, e.g.*, *United States v. Johnson*, No. 3:17-CR-00114, 2019 WL 3231382, at *1 (M.D. Tenn. July 18, 2019), *aff'd*, No. 20-5873, 2022 WL 35406 (6th Cir. Jan. 3, 2022) ("Motions to reconsider do not exist in the Federal Rules of Criminal Procedure but are not uncommon. To the extent we review motions to reconsider in criminal cases, we rely on analogous precedent arising under the Federal Rules of Civil Procedure.") (citations omitted).

"Relief under Rule 59(e) is an extraordinary remedy reserved for exceptional cases." *Adams v. Diamond*, No. 3:18-CV-00976, 2022 WL 982365, at *1 (M.D. Tenn. Mar. 30, 2022) (citation omitted), *aff'd*, No. 22-5224, 2023 WL 5596858 (6th Cir. June 1, 2023). "The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Spec's Fam. Partners, Ltd. v. First Data Merch. Servs. LLC*, 777 F. App'x 785, 787 (6th Cir. 2019). Rule 59(e) permits a court to alter or amend a judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

### III. DISCUSSION

#### A. The Court's Stay of the Release Order

##### i. Violation of Due Process

Defendant contends that the Court failed to expressly analyze the factors relevant to issuing a stay, and that this omission violates procedural due process. The record, however, reflects that the Court did consider those factors in its order granting the stay [Doc. 10] even though it did not discuss each factor in detail. In determining whether a stay is warranted, courts apply the four-factor test set forth in *Nken v. Holder*, 556 U.S. 418, 434 (2009). *See also United States v.*

*McGowan*, 2020 WL 3867515, *1 (6th Cir. July 8, 2020). Those factors are "(1) whether the movant 'has made a strong showing that he is likely to succeed on the merits'; (2) whether the movant 'will be irreparably injured absent a stay'; (3) whether issuance of a stay will 'substantially injure' other interested parties; and (4) 'where the public interest lies.'" *Id.* at *1 (citing *Nken*, 556 U.S. at 434).

The Government made a strong showing of a likelihood of success on the merits. As the Court noted in its stay order, Defendant was charged with a conspiracy to distribute "500 grams or more" of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). [Doc. 7; Doc. 10, pg. 1]. Under 18 U.S.C. § 3142(e)(3), this charge carries a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant as required or the safety of the community. [Doc. 10, pg. 1]. The Court also noted that Defendant possessed two loaded firearms at the time of his arrest. *Id.* at 1–2. These facts support the Court's conclusion that the Government is likely to succeed on the merits.

While the Government itself may not be irreparably injured absent a stay, the Court, however, recognizes that the Government has a compelling interest in public safety. Harm to the public, therefore, constitutes harm to the Government as well. As the Court observed, the Government sought Defendant's detention based on his conduct in this case and his possession of loaded firearms at the time of arrest, and the Court concluded—after reviewing the record—that good cause existed to maintain Defendant's detention pending the Government's appeal. *See id.* These circumstances show that Defendant poses a risk to the community, and the public interest favors ensuring community safety. Any potential harm to Defendant is outweighed by the risk of harm to the public. Temporarily staying Defendant's release while the release order is reviewed will not substantially injure Defendant, and he has not argued otherwise. Rather than offer any

substantive arguments, Defendant only contends that the Court failed to consider the proper factors. [Doc. 23, pgs. 1–2].

Whether or not the Court cited *Nken* in granting the temporary stay is immaterial; the Court considered and applied the relevant factors, which are satisfied here. *See McGowan*, 2020 WL 3867515, at *3 ("Although the district court here did not cite this test, it generally considered these factors."). The overall analysis of the *Nken* factors supported issuing a temporary stay. Defendant failed to meet the standard for reconsideration, as he has shown no clear error of law, no new evidence, no intervening change in controlling law, and no manifest injustice. *See Johnson*, 2022 WL 35406, at *5.

### ii. Violation of Defendant's Sixth Amendment Rights

Defendant also fails to meet the standard for reconsideration on his claim that the Court violated his Sixth Amendment right to counsel by extending the stay of the release order to allow adequate time for review. He contends that his rights were violated because the Court ruled on the Government's emergency motion to stay without first notifying defense counsel or allowing a response. [Doc. 23, pgs. 2–4].

Defendant argues that the bail proceedings are a "critical stage" of prosecution, citing the Sixth Circuit's reasoning that a stage is "critical" when "there [is] a reasonable probability that [the defendant's] case could suffer significant consequences from his total denial of counsel at [that] stage." *Van v. Jones*, 475 F.3d 292, 313 (6th Cir. 2007). This Court agrees that bail and pretrial detention hearings are critical stages at which defendants are entitled to representation. *See Torres v. Collins*, 2023 U.S. Dist. LEXIS 168426 at *31–32 (E.D. Tenn. Sep. 21, 2023). But, as the Government correctly notes, [Doc. 29, pgs. 3–4], Defendant was represented by counsel during the detention hearing in the Middle District of Tennessee, at which the magistrate judge

stayed the release order until 3:00 p.m. the next day "subject to further order by the EDTN" [Doc. 9-1]. This Court's subsequent order simply preserved the status quo by extending that stay on an emergency basis, within the less than 24 hours available to evaluate the matter. Defendant has been continuously represented, as local counsel sought provisional appointment on October 31, 2025, and that request was granted the same day. [Docs. 11, 12]. This Court was required to act promptly in the interest of public safety. Defendant had counsel during the initial detention hearing when the stay was entered, and he remains represented by counsel throughout this review process.

> B. **The Court's Referral of the Motion for Review and Revocation of the Release Order to the Magistrate Judge for a Report and Recommendation**

Defendant also requests the Court to reconsider its decision to refer the Government's motion for review and revocation of the release order to the magistrate judge for a Report and Recommendation. He argues that this referral violates § 3145(a)'s requirement that a district judge conduct the review, and that it improperly alters the parties' burden and changes which judicial decision receives deference. However, Defendant does not satisfy the standard for reconsideration. He has not shown that § 3145(a) prohibits a district judge from referring such a motion to a magistrate judge for a recommended disposition, nor has he demonstrated that the referral results in any "manifest injustice." *See Johnson*, 2022 WL 35406, at *5.

18 U.S.C. § 3145(a)(1) provides:

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release.

Although the Sixth Circuit has not considered the issue, several courts have concluded that a "court having original jurisdiction over the offense" under § 3145(a)(1)–(2) is the district where the charges are pending, and that a § 3145(a) motion must be decided by a district judge—not a

magistrate judge—under § 636(b)(1)(A). *United States v. Martin*, No. 25-5541, 2025 WL 2531045, at *3 (6th Cir. Aug. 27, 2025); *see also United States v. Vega*, 438 F.3d 801, 802 (7th Cir. 2006); *United States v. Evans*, 62 F.3d 1233, 1237 (9th Cir. 1995) (same); *United States v. Cisneros*, 328 F.3d 610, 615 (10th Cir. 2003) (same); *United States v. El Edwy*, 272 F.3d 149, 152 (2d Cir. 2001) (same); *United States v. Torres*, 86 F.3d 1029, 1031 (11th Cir. 1996) (same). These cases establish that a district court may not refer a § 3145(a) motion to a magistrate judge for **final** adjudication. Defendant's objection, however, is directed at a different question – whether § 3145(a) also bars a district judge from referring the motion to a magistrate judge for a **Report and Recommendation**, rather than for a final disposition.

Under 28 U.S.C. § 636(b)(1)(A), a district judge has the authority to "designate a magistrate judge to hear and determine any pretrial matter pending before the court" except for certain motions not relevant here. Under § 636(b)(1)(B), a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for disposition." A district court may therefore refer for recommendation even motions that it cannot refer for disposition.

This Court recently addressed this precise issue in *United States v. Martin*. No. 2:25-CR-00053-DCLC-CRW, 2025 WL 1551430 (E.D. Tenn. May 30, 2025), *appeal dismissed*, No. 25-5541, 2025 WL 2531045 (6th Cir. Aug. 27, 2025). This Court denied Martin's motion for reconsideration and Martin appealed. *See id.* The Sixth Circuit ultimately dismissed Martin's appeal on jurisdictional grounds because "a district court's referral of a case to a magistrate judge for a recommendation is not appealable." 2025 WL 2531045, at *2. In the alternative, Martin argued the Sixth Circuit construe his appeal as a writ of mandamus, but it concluded that Martin failed each condition for relief. Most relevant here, the Sixth Circuit found that Martin could not

show a "clear and indisputable right to the writ" because "district courts have broad powers to refer non-dispositive motions to magistrate judges for issuance of a report and recommendation and Martin cites no authority holding that referral of a § 3145(a) motion for a recommendation is not permitted under § 636(b)." It stated, "although no circuit court has yet addressed that issue, it appears that every district court that has considered the issue has held that nothing in § 3145 or any other source prohibits the referral of a § 3145(a) or § 3145(b) motion to a magistrate judge for a recommendation." *Id.*; *see also Martin*, 2025 WL 1551430, at *2 (collecting district court cases).

Defendant argues that referring the matter for a R&R "set[s] in motion a process that is not authorized by statute." [Doc. 23, pg. 6]. This Court disagrees. As the Sixth Circuit has observed, the only directive in § 3145 concerning the court's role is that the motion "shall be determined promptly." *Martin*, 2025 WL 2531045, at *3. Nothing in that language "prohibits a district court from exercising its broad authority under § 636(b) to refer non-dispositive matters to a magistrate judge for a [R&R]." *Id.* "If Congress intended to prohibit such referrals for § 3145(a) motions, it could have done so." *Id.* Accordingly, this Court did not commit a "clear error of law" by referring the matter to the magistrate judge for a R&R. *See Johnson*, 2022 WL 35406, at *5.

Similarly, referral of a § 3145 motion does not result in a "manifest injustice."[1] *Id.* Defendant's assertion that a referral "preemptively alters the standard of review and the burden of persuasion" is incorrect. [Doc. 23, pg. 23]. Whether to refer a matter to a magistrate judge for a R&R is committed to the district court's discretion. Furthermore, a district court's review of a magistrate judge's release or detention order is always de novo – regardless of whether the matter

---

[1] In fact, other courts have found that the issuance of a R&R in these circumstances arguably benefits the defendant because if release is not granted by the magistrate judge, the defendant may obtain further review by the district judge. *See, e.g.*, *United States v. Hanson*, No. 3:22-CR-00076, 2022 WL 1813585, at *3 (N.D. Ohio May 3, 2022), *report and recommendation adopted*, No. 3:22 CR 76, 2022 WL 1803337 (N.D. Ohio June 2, 2022).

was referred for a R&R. *See United States v. McCollum*, No. 3:21-CR-35-TAV-DCP-2, 2021 WL 4468937, at *1 (E.D. Tenn. Sept. 29, 2021); *United States v. Yamini*, 91 F. Supp. 2d 1125, 1130 (S.D. Ohio 2000). A district court also conducts a de novo review of any portion of the R&R to which the defendant properly objects. *See McCollum*, 2021 WL 4468937, at *2; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Thus, referring a § 3145 motion to a magistrate judge neither alters the standard of review nor shifts the burden of persuasion; it remains squarely within the district court's discretion.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration [Doc. 23] is **DENIED**. As the Court previously ordered, the Government's motion for a review and revocation of the release order [Doc. 9] is **REFERRED** to Magistrate Judge Wyrick to issue a R&R on the matter.

**SO ORDERED:**

s/ Clifton L. Corker  
United States District Judge