| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | 2:25-CR-00107-DCLC-CRW |
| | ) | |
| EDUARDO GONZALEZ SILVA | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the United States' Motion seeking revocation of the pretrial release order entered by the magistrate judge in the Middle District of Tennessee [Doc. 9]. The magistrate judge in this district issued a Report and Recommendation ("R&R") [Doc. 48] recommending detention pending trial, to which Defendant filed objections [Doc. 49]. Having reviewed the matter, the Court **ADOPTS IN PART** the R&R and **GRANTS** the United States' Motion [Doc. 9]. Defendant is to remain detained pending trial.

## I.     BACKGROUND

On October 15, 2025, a grand jury returned an indictment charging Defendant in Count One, along with others, with a conspiracy to distribute "500 grams" or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). [Doc. 7]. Defendant was indicted in the Eastern District of Tennessee but arrested in the Middle District of Tennessee. [Doc. 9]. On October 29, 2025, after a detention hearing, the magistrate judge ordered Defendant's release but the United States Attorney's office for the Middle District of Tennessee moved to stay the order setting conditions of release which the magistrate judge granted. *Id.* The release order was stayed until the next day, October 30, 2025 at 3:00 p.m. [Doc. 9-1, pg. 4]. The next morning, on October 30, 2025, the United States filed an emergency motion in this Court for a stay pending appeal and

motion for review and revocation of the release order. [Doc. 9]. This Court stayed the magistrate judge's release order [Doc. 9-1] prior to the 3:00 p.m. deadline pending resolution of the United States' appeal and maintained the status quo with Defendant remaining in the custody of the U.S. Marshals. [Doc. 10]. Pursuant to 28 U.S.C. § 636(b)(1)(A)–(C), the United States' Motion for review and revocation of the release order [Doc. 9] was referred to the magistrate judge for a R&R for the Court's consideration. *Id.*

Defendant then filed a motion seeking for the Court to reconsider its Order [Doc. 10] (the "Motion for Reconsideration"). [Doc. 23]. The Court denied the Motion for Reconsideration and confirmed that the United States' Motion [Doc. 9] was referred to the magistrate judge for a R&R. [Doc. 40]. The magistrate judge held a hearing and recommended that the United States' Motion [Doc. 9] be granted and that Defendant remain detained pending trial. [Doc. 48]. Defendant filed objections to the R&R [Doc. 49] and the matter is now before the Court.

## II.  LEGAL STANDARD

The district judge reviews a magistrate judge's decision to release or detain the defendant de novo. *See United States v. Yamini*, 91 F. Supp. 2d 1125, 1127–28 (S.D. Ohio 2000) (finding that although the Sixth Circuit has yet to address this issue, the majority of circuits hold that de novo review is appropriate); *see also United States v. Tolbert*, Nos. 3:09-CR-56 & 3:10-CR-30, 2017 WL 6003075, at *4 (E.D. Tenn. Dec. 4, 2017). "[M]eaningful de novo review means that the district court should engage in the same analysis, with the same options, under § 3142 as the magistrate judge." *Yamini*, 91 F. Supp. 2d at 1129; *Tolbert*, 2017 WL 6003075, at *4 (observing that the district judge has discretion to consider additional evidence to that presented at the original detention hearing).

### III. ANALYSIS

#### A. Defendant's Procedural Objections

Defendant again raises procedural objections from his Motion for Reconsideration [Doc. 23] to preserve them for appellate review. *See* [Doc. 49, pgs. 4–5]. As Defendant notes, the Court already ruled against Defendant on these issues but will briefly address them. *See* [Doc. 40]. Defendant contends that 1) the Court's referral of the United States' Motion [Doc. 9] to the magistrate judge for a R&R violates 18 U.S.C. § 3145(a) and 2) that the Court's *ex parte* stay of the Middle District of Tennessee magistrate judge's release order violated the Sixth Amendment.

#### i. The Court's Referral of the Motion for Review and Revocation of the Release Order to the Magistrate Judge for a Report and Recommendation

The Court previously found that Defendant failed to show that § 3145(a) prohibits a district court judge from referring a § 3145(a) motion to a magistrate judge for a recommendation. *See* [Doc. 40, pgs. 6–9]. Under 28 U.S.C. §§ 636(b)(1)(A), (B), a district judge has the authority to designate a magistrate judge to hear any pretrial matter and submit a R&R to the district judge for disposition. A district court's review of a magistrate judge's release or detention order is always de novo. *See Yamini*, 91 F. Supp. 2d at 1130.

Defendant preserves his objection to the Court's referral of the § 3145(a) motion to the magistrate judge. The Court acknowledges that *United States v. Martin*, No. 25-5541, 2025 WL 2531045 (6th Cir. Aug. 27, 2025) was decided on jurisdictional grounds, but notes the Sixth Circuit nonetheless stated that "district courts have broad powers to refer non-dispositive motions to magistrate judges for issuance of a report and recommendation and Martin cites no authority holding that referral of a § 3145(a) motion for a recommendation is not permitted under § 636(b)." *Id.* at \*2. As the Court has previously stated, had "Congress intended to prohibit such referrals for

§ 3145(a) motions, it could have done so." *Id.* at *3. Referring a § 3145(a) motion to a magistrate judge is within the district court's discretion.

### ii. Violation of Defendant's Sixth Amendment Rights

Defendant also preserves for appeal his argument that his rights were violated when the Court ruled on the Government's emergency motion to extend the stay of the release order *ex parte*. [Doc. 49, pg. 5]. The Court reiterates its prior holding that this referral did not violate Defendant's Sixth Amendment right to counsel. [Doc. 40, pgs. 5–6]. The extension of the stay was a narrow, emergency measure taken to preserve the status quo while the Court had less than 24 hours to act. Defendant was represented by counsel in the Middle District of Tennessee where the original stay was entered, and he has remained represented by counsel throughout the review proceedings in this district. The *ex parte* ruling did not deprive Defendant of counsel at any critical stage of the proceedings — it simply prevented the release order from taking effect before the Court had adequate opportunity to review it.

### B. De Novo Review of Release Order

Under the Bail Reform Act, a defendant may be detained pending trial only if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The judicial officer's finding that a defendant must be detained pending trial must be "supported by clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B). The default position is that a defendant should be released pending trial. *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

Although the default position is release, there is a presumption of detention upon a judicial officer's finding of probable cause to believe that a defendant committed certain crimes listed in §

4

3142(e)(3). *See id.* "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). Here, the indictment provides the necessary probable cause to believe that Defendant committed a drug trafficking offense in violation of 21 U.S.C. § 841(a)(1), which under § 841(b)(1)(A) carries a mandatory minimum sentence of ten years if convicted. Therefore, the presumption of detention under § 3142(e)(3)(A) applies. [Doc. 7]; *Stone*, 608 F.3d at 945 ("A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged.").

This presumption of detention places the burden of production with the defendant, while the United States retains the burden of persuasion. *See Stone*, 608 F.3d at 945. To satisfy the burden of production, a defendant must present some evidence that he is neither a danger to the community nor a flight risk. *See id.* A defendant's burden of production "is not heavy" but "he must introduce at least some evidence." *Id.* (citations omitted).

### i. Defendant's Burden to Rebut the Presumption of Detention

The magistrate judge found that Defendant failed to rebut the presumption of detention by failing to demonstrate he is neither a danger to the community nor a flight risk. [Doc. 48, pg. 10]. Defendant, however, produced some evidence to rebut the presumption stating that he is a lifelong resident of Tennessee, has strong family ties to Tennessee, has no criminal history, was employed prior to arrest, and has a willing third-party custodian. *See* [Doc. 49, pgs. 7–9]. As Defendant's burden "is not heavy" and he has introduced "at least some evidence" that he is not a danger to the community nor a flight risk, the Court finds that he has satisfied his burden of production and rebutted the presumption of detention. *See Stone*, 608 F.3d at 945. Accordingly, the Court **REJECTS** the recommendation in the R&R for the Court to find that Defendant failed to rebut

the presumption of detention.

### ii. The United States' Burden of Persuasion

Although Defendant successfully rebutted the presumption of detention, the Court must address the remaining factors which indicate Defendant should be detained pretrial. "The presumption reflects Congress' substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Stone*, 608 F.3d at 945. Even though Defendant satisfied his burden of production, the United States must also meet its burden of persuasion to prove that "no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Id.* at 946. In making this determination, the Court must consider the available information relating to (1) the nature and circumstances of the charged offense; (2) the weight of the evidence against Defendant; (3) Defendant's history and characteristics; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." 18 U.S.C. § 3142(g)(1)-(4).

### 1. Nature and Circumstances of the Offense Charged

This factor considers whether the offense charged involves a controlled substance. 18 U.S.C. § 3142(g)(1). There is no dispute that Defendant was charged with an offense involving a controlled substance. [Doc. 7]. Defendant faces a long mandatory minimum sentence of ten years if convicted. The Sixth Circuit has reasoned that "significant penalties provide a strong incentive to flee." *United States v. Shuklin*, No. 19-4171, 2020 WL 2992522, at *1 (6th Cir. Mar. 18, 2020). The evidence also demonstrates that Defendant was in possession of firearms while engaging in drug trafficking. The nature and circumstances of Defendant's offense thus favor detention.

### 2. Weight of Evidence Against the Person

"This factor goes to the weight of the evidence of dangerousness [or risk of flight] not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948; *see United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) (noting that the weight of evidence against the person "deals with the factors to be considered in determining whether there are conditions which will assure the appearance of the accused and safety of the community"). In addition to the dangerous nature of the current charge, the record reveals that even after Defendant's March 2025 interview with investigators in which he admitted to drug trafficking and knew he was under investigation, Defendant continued to engage in drug trafficking activity. [Doc. 48, pgs. 4–6]. Although Defendant was initially cooperative with law enforcement, he later stopped responding to their attempts to communicate with him. *Id.* at 4. Further, a danger to the community exists if Defendant is released because a drive-by shooting occurred at Defendant's residence in October 2025 and officers found two loaded firearms in Defendant's bedroom and shell casings, pistol magazines, and bullets in Defendant's vehicle when executing a search warrant. *Id.* at 4–5.

Although there is no evidence Defendant has attempted to flee, his lack of communication with law enforcement after admitting to drug trafficking does not bode well for future cooperation. Further, the drive-by shooting at Defendant's residence raises the risk to the community if Defendant were to be released. These circumstances weigh in favor of a finding of dangerousness and of flight risk.

### 3. History and Characteristics of the Person

The third factor considers (1) a defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning

appearance at court proceedings;" and (2) "whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law."  18 U.S.C. § 3142(g)(3). Defendant contends that he has strong ties to his community, has maintained steady employment working for Uber Eats and performing odd jobs, and does not have a criminal history.  While this may be true, some aspects of Defendant's ties to the community do not weigh in favor of release.

Although the Court appreciates that Defendant's girlfriend, Kimberlie Barradas, is willing and able to serve as a third-party custodian, the evidence shows she was present around and knew about Defendant's drug activity, which gives the Court doubts as to whether she would be a suitable third-party custodian.  Ms. Barradas admitted to law enforcement that she was the person in the photo they found on Defendant's phone that also depicted bulk currency.  [Doc. 48, pg. 5]. Ms. Barradas told officers that she had been at "Ceasar's" residence and saw large amounts of methamphetamine.  *Id.*  Ceasar is a person Defendant was communicating with, and law enforcement believes has ties to a drug cartel in Mexico.  *Id.*  Ms. Barradas also told officers that Defendant was involved in drug transactions with Ceasar and that she and Defendant had received packing materials for sending contraband at their residence.  *Id.*  Although the magistrate judge at the initial detention hearing in the Middle District of Tennessee found Ms. Barradas credible and a suitable third-party custodian, the United States contends that the officer involved in Defendant's arrest was unable to testify so Ms. Barradas was never confronted with her knowledge of Defendant's drug trafficking activity.  *Id.* at 8.

Furthermore, while Defendant's parents have offered to permit him to reside in their home, Defendant was engaging in drug trafficking activity while in his parent's home and it was their

home that was the target of the drive-by shooting. Although Defendant has no criminal history and ties to his community, this factor weighs in favor of detention for the reasons discussed.

### 4. Nature and Seriousness of Danger to Any Person or the Community

Lastly, this Court must analyze "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). The Court considers the charges here undeniably serious. The record reveals Defendant continued to engage in drug trafficking activities even after he knew he was under investigation by law enforcement and Ms. Barradas had significant knowledge regarding his activities. The Court concludes that no conditions short of detention can reasonably secure Defendant's appearance and protect public safety.

## IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS IN PART** the R&R [Doc. 48] and the United States' Motion is [Doc. 9] is **GRANTED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge